**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **PATRICK A. REID** § | | |
|     **TDCJ-CID # 1423443** § | | |
| **V.** § | **C.A. NO. C-07-433** | |
| § | | |
| **POPE BENEDICT XVI, ETAL.** § | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS**

     This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims against defendants be dismissed with

prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Polunsky Unit in Livingston, Texas. He filed this action on November 7, 2007, against the Catholic Church, Pope Benedict XVI, Cardinal DiNardo and the Diocese of Houston-Galveston, Texas, and Bishop Carmody and the Diocese of Corpus Christi, Texas, alleging that, on an unidentified date, he was raped by a member of the clergy. (D.E. 1 at 3). Plaintiff reported the assault to Church officials and "talked to the chain of command," but no action was taken against the perpetrator of the crime. Id. Plaintiff claims that, as a result of that traumatic experience, he has severe mental health issues, drug problems, and is now in prison. Id. He seeks $1,000,000 in compensatory damages, and $70,000 in punitive damages. Id. at 4.

### III.  DISCUSSION

**A.      Legal standard.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.      No state actor.**

As noted above, an essential element of any § 1983 action is that the alleged deprivation was committed by a ***state actor.***  West, 487 U.S. at 48.  A private entity, such as a church,  it is not clothed with the authority of law to act on behalf of the state, and as such, it is not subject to suit under § 1983.  See Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir.) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act

resulting in a deprivation of the plaintiff's constitutional rights), cert. denied, ___ U.S. ___. 125 S. Ct. 153 (2004). Thus, plaintiff cannot maintain his claims against the Catholic Church, Pope Benedict XVI, Cardinal DiNardo and the Diocese of Houston-Galveston, Texas, or Bishop Carmody and the Diocese of Corpus Christi, Texas. Because there is no violation of a federal right by an entity clothed with state authority, plaintiff cannot maintain his claims against any defendant named in this lawsuit. Thus, it is respectfully recommended that plaintiff's constitutional claims against the Catholic Church, Pope Benedict XVI, Cardinal DiNardo and the Diocese of Houston-Galveston, Texas, and Bishop Carmody and the Diocese of Corpus Christi, Texas be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**C.      State law claims.**

To the extent plaintiff intended to include state law claims pursuant to the court's supplemental jurisdiction, it is recommended that all such claims be dismissed without prejudice so that plaintiff may pursue his claims in the state courts. 28 U.S.C. § 1367(c)(3); see also, Priester., 354 at 425 ("[a] district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction.").

## IV.  RECOMMENDATION

Plaintiff's § 1983 claims against the Catholic Church, Pope Benedict XVI, Cardinal DiNardo and the Diocese of Houston-Galveston, Texas, and Bishop Carmody and the

Diocese of Corpus Christi, Texas, are not cognizable because none of the named defendants are state actors. Thus, it is respectfully recommended that the Court dismiss with prejudice plaintiff's claims against defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Should the Court adopt this recommendation, it is further respectfully recommended that the Court find this is a dismissal as described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the recommendation and Order of Dismissal to: the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 20th day of December, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).